IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:22-CV-00052-KDB

| | |
|---|---|
| **DESTINY WATKINS,** **Plaintiff,** v. **KILOLO KIJAKAZI, Acting Commissioner of Social Security,** **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Destiny Watkins' Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 12). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying her application for benefits under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

## I. PROCEDURAL BACKGROUND

On July 1, 2019, Plaintiff filed an application for supplemental security income, alleging disability beginning on that same date. (Tr. 49). The claim was denied initially and upon reconsideration. (*Id.*). Following that denial, Plaintiff filed a written request for a hearing and ALJ

1

Darrell Fun (the "ALJ") held a telephone hearing on May 5, 2021, at which Plaintiff, a vocational expert and other witnesses appeared. (*Id.*). On July 1, 2021, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act. (Tr. 49-60). The Appeals Council denied review of the ALJ's decision, (Tr. 1-7) and Plaintiff now timely seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process ("SEP") established by the Social Security Administration to determine if Ms. Watkins was disabled under the law during the relevant period.[1] At step one, the ALJ found that Ms. Watkins had not engaged in substantial gainful activity ("SGA") since her alleged onset date and at step two that she had several medically determinable and severe impairments: multiple sclerosis (MS); obesity; depression; anxiety; bipolar disorder; and posttraumatic stress disorder (PTSD). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)**.**

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

The ALJ then determined that Ms. Watkins would have the residual functional capacity (RFC):

> … to perform light work as defined in 20 CFR 416.967(b) except: occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, and crouch but never crawl; and frequently reach in all directions, including overhead reaching. However, the claimant should avoid concentrated exposure to hazards, such as working at unprotected heights or automated moving machinery; avoid concentrated exposure to dust, toxic odors, and fumes, as well as extremely hot or humid working environments. She is able to understanding, remembering, and following instructions consistent with reasoning development level 2-3; and capable of using a commonsense understanding to make work- related decisions. Further, she is able to respond appropriately to supervision, but tolerate no more than occasional interpersonal interaction with supervisors and coworkers and tolerate no more than superficial interaction with the public (superficial being defined as engaging in brief and short interaction or conversations of 5 minutes or less, but not engaging in extensive or detailed conversations, such as telephone solicitation, sales, or customer service). She remains able to remain on task for periods of 2 hours at a time before a 15 min break during a work day, and able to perform routine and repetitive unskilled work tasks with reasoning development level 2-3 that is not at a production pace rate (such as automated conveyor belt or assembly line type of work) with the ability to adapt to no more than occasional changes in the routine work setting. She would need the option to change positions from standing or walking for 30 minutes to sitting for 30 minutes while remaining on task

(Tr. 54). The ALJ found at step four that Plaintiff had no past relevant work, (Tr. 59), and concluded at step five that given Plaintiff's age, education, work experience and RFC that there are jobs that exist in significant numbers in the national economy that she could perform, including "Routing Clerk," "Office Helper" and "Router." (Tr. 59-60). Thus, the ALJ determined that she was not disabled under the Act during the relevant period. (Tr. 60).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a

3

physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ⸺ U.S. ⸺, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id*. at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla.[2] It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted);

---

[2] As the Fourth Circuit has noted, "[s]tandards are easy to recite, but harder to apply. Part of that difficulty … lies with confusing terminology like 'a scintilla of evidence.' After all, what in the world is a 'scintilla?' … [D]ating back to the nineteenth century, courts have struggled with the 'distinction between what is a scintilla' and what is not. *Boing v. Raleigh & G.R. Co.*, 87 N.C. 360 (N.C. 1882) (remarking that the distinction 'is so narrow that it is often very difficult for a court to decide upon which side of the line' evidence falls). Recognizing this difficulty, current South Carolina Supreme Court Justice John C. Few once remarked, in jest, that 'scintilla is Latin for "whatever a judge wants it to mean."' … To overcome the vagaries inherent in the term 'scintilla,' courts should not only recite our well-settled standards … but also actively engage with the [relevant underlying evidence] in analyzing the arguments of the parties." *Sedar v. Reston Town Ctr. Prop., LLC*, No. 19-1972, 2021 WL 667088, at *3 (4th Cir. Feb. 22, 2021).

*see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].").

Thus, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. Id. (internal quotation marks omitted); *Shinaberry*, 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, notwithstanding this limited standard of review of the Commissioner's factual determinations, in all cases the Court must always ensure that proper legal standards are being followed,

## IV. DISCUSSION

Plaintiff makes a number of arguments that the ALJ's conclusion that she is not disabled is not supported by substantial evidence. Plaintiff also raises a constitutional challenge to the ALJ's appointment. Although the Court does not reach the constitutional issue[3] or all of Plaintiff's

---

[3] However, the Court notes that it has recently and repeatedly found Plaintiff's constitutional argument that the ALJ's appointment violates the Appointments Clause to be meritless. *See, e.g.*, *Black v. Kijakazi*, No. 1:21-CV-322-KDB, 2022 WL 2977340, at *3 (W.D.N.C. July 27, 2022) (finding that acting Commissioner Berryhill was validly serving under the Federal Vacancies Reform Act).

5

criticisms of the ALJ's decision and does not suggest by this remand whether Plaintiff should ultimately be found to have been disabled during the relevant period, the Court finds that one error of law in the ALJ's otherwise thorough and thoughtful opinion requires that the case be remanded so that the ALJ may reconsider his decision in light of this ruling.

Specifically, the Court agrees with Plaintiff's contention that the ALJ erred as a matter of law in finding that a limitation to "very short and simple instructions with a moderate limitation for understanding, remembering, and following instructions translates to a residual capacity for understanding, remembering, and following instructions consistent with Reasoning Development Level 2-3 and using commonsense understanding to make work-related decisions." Tr. 57. The Fourth Circuit has directly spoken to this issue and held that an apparent conflict exists "between a limitation to 'short, simple instructions' and a need to carry out "detailed but uninvolved . . . instructions' jobs (as found in jobs requiring Level 2 Reasoning)." *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019), *as amended* (Feb. 22, 2019).

Here, although the claimant's RFC did not limit claimant to "short, simple instructions," the cited quotation suggests that the ALJ erroneously believed that the psychological medical opinions that he found persuasive – which noted that the claimant was "able to carry out very short and simple instructions" and apparently on which he based the RFC[4] – "translated" into Reasoning Level 2. "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)

---

[4] On remand, the ALJ may of course clarify that while he found certain medical opinions persuasive, he determined after a review of all the medical evidence and other evidence that the claimant can in fact perform work at a Reasoning Level 2. *See* 20 C.F.R. § 416.920c (providing that the Social Security agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources"). However, the uncertainty generated by the ALJ's current opinion necessitates a remand.

(citations omitted). And, this error may have been material because all of the jobs that the VE testified that Plaintiff could do at step 5 have a Reasoning Level of 2. *See Fincher v. Berryhill*, No. 3:17-cv-00624-RJC, 2019 U.S. Dist. LEXIS 48014, at *9 (W.D.N.C. Mar. 22, 2019). Therefore, this matter must be remanded to the Commissioner for reconsideration.

Again, in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Ms. Watkins's reconsidered application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: October 27, 2022

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).